UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ART TIMOTHY SGHEIZA,<br><br>Plaintiff,<br><br>v.<br><br>WFS EXPRESS, INC.,<br><br>Defendant. | No. 2:25-cv-01025-DC-JDP<br><br>ORDER DISMISSING THIS ACTION DUE TO PLAINTIFF'S FAILURE TO COMPLY WITH A COURT ORDER AND FAILURE TO PROSECUTE<br><br>(Doc. No. 4) |

On June 3, 2025, the court issued an order directing Plaintiff to show cause "why Plaintiff has failed to comply with Local Rule 230(c)," specifically because Plaintiff did not file an opposition or a statement of non-opposition to Defendant's pending motion to dismiss as required. (Doc. No. 6.) Plaintiff was also directed to show cause "why this action should not be dismissed due to Plaintiff's failure to prosecute." (*Id.*) Plaintiff's deadline to respond to that order has now passed, and Plaintiff has not filed a response or a request for an extension of time in which to do so.

In light of Plaintiff's failure to timely respond to the order to show cause and his failure to file an opposition or statement of non-opposition to Defendant's pending motion, it appears that Plaintiff no longer wishes to prosecute this action but rather has abandoned the litigation.

In determining whether to dismiss a case for lack of prosecution, courts consider the follow factors: (1) the public interest in expeditious resolution of litigation; (2) the court's need to

1

manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998).

In addition, the Local Rules of this court provide that the failure of a party to comply with any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110. A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. *Id.*; *see also Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint), *as amended* (May 22, 1992).

Here, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to Defendant all support the imposition of the sanction of dismissal here. Only the public policy favoring disposition on the merits counsels against dismissal. Finally, with respect to availability of less drastic sanctions, the court has considered alternative measures. The issuance of another order to show cause would be futile under the circumstances presented.

Accordingly, this action will be dismissed due to Plaintiff's failure to prosecute and failure to comply with the court's order, including the Local Rules.

For the reasons set forth above,

1. This action is DISMISSED, without prejudice, due to Plaintiff's failure to respond to the June 3, 2025 order to show cause (Doc. No. 6), failure to prosecute this action, and failure to comply with a court order, including the Local Rules;

2. Defendant's pending motion (Doc. No. 4) is DENIED as having been rendered moot by this order; and

/////

/////

3.   The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**June 15, 2025**__                              _____
                                                          Dena Coggins
                                                          United States District Judge

3